TURNER P. OLIVER, plaintiff in error, vs. THOMAS F. PER-
SONS, defendant in error.

A Court of Chancery has power to allow a defendant, to amend his answer, by
striking out a part of it.

In Equity, in Warren Superior Court.   Decision by Judge
THOMAS, at October Term, 1859.

This was a bill filed by Turner P. Oliver, administrator,
against Thomas F. Persons.

Counsel for defendant moved in this cause to amend the
defendant's answer, filed on the 5th of August, 1855, by
striking out the entire answer, and so much of a subsequent
answer filed 15th April, 1857, as is in the last words and
lines thereof, to-wit: " and also of his two previous answers
and pleas in this case as though the same were written again,
and here appropriately set forth, pleaded, and answered in
apt words, and in proper form."

Counsel for complainant objected to the proposed amend-
ment.

The Court overruled the objection and granted the motion
allowing the amendment.   To which decision, counsel for
complainant excepted.

Defendant then moved to amend the minutes of said Su-
perior Court at the April Term, 1855, in the following man-
ner, and by granting the following order, to-wit:

Turner P. Oliver, administrator, ⎫   Bill for discovery, relief,
               vs.              ⎬ &c., in Warren Superior
       Thomas F. Persons.       ⎭ Court.

On motion, ordered that complainant's solicitors show
cause at such time as it may suit the convenience of the
Court to hear them, why the minutes of this Court at April
Term, 1855, should not be amended by writing therein, *nunc
pro tunc*, the following order granted in the above stated
case at the Term aforesaid, to-wit:

Oliver vs. Persons.

"Upon hearing the above stated rule, and it appearing to the Court that defendant had prepared a plea and answer in said cause which is submitted to said Court upon the first day of this Term, though not within the three months, nor had filed it on the first day of this Term; said answer purporting to be in full to all such facts of the bill not pleaded to, and moving at the same Term to be now permitted to file the said plea and answer. It is ordered that the said motion to file said plea and answer be overruled, and the first above stated order be granted."

The foregoing rule having been served and the motion having been called up for determination, complainant's counsel objected to the allowance of the same.

A. H. Stephens, Esq., one of the counsel for the defendant, stated in his place, (it being agreed by counsel for complainant, that he need not be sworn,) that the Court at April Term, 1855, passed and granted an order which was now found among the papers in the case, and presented in Court, but which no where appeared on the minutes. The original order is in the handwriting of Mr. Stephens, and is interlined in the handwriting of Judge Cone, who at April Term, 1855, was the controlling and leading counsel in the case. That the motion was discussed by Judge Cone on one side, and himself on the other, and that the order was finally passed in the shape and form it now has.

The Court granted the order amending the minutes, *nunc pro tunc,* as above moved for, and counsel for complainant excepted.

Dougherty, Speer; and Wasden & Nelms, for plaintiff in error.

Toombs; and Cobb, *contra.*

Oliver vs. Persons.

*By the Court.*—BENNING J. delivering the opinion.

Was the Court below right, in allowing the answer to be amended ? We think so.

It was said in objection to that decision, that there is an English chancery rule, which forbids the amending of an answer, and substitutes for amending, the right to file a supplemental answer. But if there is any such rule as this, it is one that was made by Lord Chancellor Thurlow, since the revolutionary war. Therefore, it is not binding on us. Besides, if one Chancellor can make such a rule, another can repeal it. And if another takes upon himself to disregard it, that amounts in effect to its repeal. And our Superior Courts have in this respect, all the powers of the English Court of Chancery.

Before Lord Thurlow's rule, the regular course was, to allow the answer, in a proper case, to be *amended.* The Court seems to have felt, that it had the power to allow amendments in any case; but still, that, in the exercise of the power, it ought to govern itself, by a sound discretion. 1 *Duk.* 33, *do. 35 ;* 1 *P. Wms.,* 300; 3 *Atk.,* 522 ; *See 2 Dav. Ch. Pr.* 339, and cases cited.

But if this were not so ; if the power to allow an answer to be amended, did not belong to the Superior Court, as one of its original chancery powers, the power would yet belong to it, as a power conferred by the amendment Act of 1854, for that Act says, that plaintiffs or defendants, whether at law, or in equity, shall, as matter of right, be allowed to amend their pleadings, in all respects, whether in matter of form or matter of substance. *Amend* is the word used. The Act does not say anything about supplemental answers. *Acts of* 1853–4, 48.

It was further argued, that filing a supplemental answer, was a better mode of attaining the object, than was that of amending the answer. Be it so, and what of it, in the face

of a statute, which gives to the party the right to the mode of amending; and, in the face of a chancery rule, which gives to the Court, the power at discretion, to allow the mode of amending.

After all, the difference between the two modes, is, little or nothing. The effect of striking out a part of an answer, by amendment, is not to annihilate the stricken part. That still continues as much subject to be used as an *admission* of the defendant, if it is one, as it would have been, had it not been struck out, and there had been filed, a supplemental answer withdrawing or denying, the admission.

We think, then, that the Court was right, in allowing the amendment.

As to the order allowing the amendment of the minutes, we see no objection to that order. It now appears, that there was no necessity for the order; it now appears that the original order was itself, on the minutes. Ordering it entered *nunc pro tunc*, was, therefore, unnecessary; was doubtless the result of mistake or hurry. But if the original order had not been entered, no reason whatever is assigned, why the order *nunc pro tunc*, ought not to have been granted. The Court had the *power* to grant that order, and nothing is offered to show, that it ought not to have exercised the power.

Judgment affirmed.